■ E.W. HOWELL CO., INC., Appellant, v LEFCON PARTNERSHIP et al., Defendants, and HOWARD SAVINGS BANK et al., Respondents. [619 NYS2d 635] —In an action, *inter alia,* to foreclose a mechanics' lien, the plaintiff E.W. Howell Co., Inc., appeals (1) as limited by its brief, from so much of an order of the Supreme Court, Nassau County (O'Shaughnessy, J.), entered May 3, 1991, as (a) granted those branches of the motions of the defendants Howard Savings Bank and Mitsubishi Trust and Banking Corp. for partial summary judgment dismissing the plaintiff's fifth, sixth, seventh, and eighth causes of action, (b) denied the appellant's cross motion for leave to amend the complaint, and (c) declared that the appellant's mechanics' lien in the subject real estate was subordinate to the mortgage lien of Howard and Mitsubishi, and (2) as limited by its brief, from so much of another order of the same court, entered July 26, 1991, as, upon renewal and reargument, adhered to the original determination.

Ordered that the appeal from the order entered May 3, 1991, is dismissed, as that order was superseded by the order entered July 26, 1991, made upon renewal and reargument; and it is further,

Ordered that the appeal from the order entered July 26,

1991, is affirmed insofar as appealed from, for reasons stated by Justice O'Shaughnessy at the Supreme Court; and it is further,

Ordered that the respondents are awarded one bill of costs. Thompson, J. P., Sullivan and Friedmann, JJ., concur.

Ritter, J., concurs in part and dissents in part and votes to dismiss the appeal from the order entered May 3, 1991, to reverse the order entered July 26, 1991, insofar as appealed from, to deny partial summary judgment to the defendants Howard Savings Bank and Mitsubishi Trust and Banking Corporation and to grant the appellant's cross motion for leave to amend the complaint, with the following memorandum: I believe that Howard Savings Bank and Mitsubishi Trust and Banking Corporation should have been denied summary judgment for reasons set forth in my partial dissent in the companion appeal (Case Nos. 91-07453, and 92-00634 [decided herewith]).

Additionally, I believe Howell should have been permitted to amend its pleadings, as it requested, to assert a cause of action based upon the diversion of trust funds, owing to the allegedly improper and premature release of retainage. In my view, the Bank was obligated to hold the retainage in trust, for the benefit of the appellant and the other subcontractors, until the completion of the job and until other conditions specified in the building loan agreement were met. If the retainage was in fact used to fund change orders, the Bank violated the terms of the trust established by the building loan agreement.